# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES DAVID THUNDER,

    Plaintiff,

v.                                                           Case No. 18-CV-1365

BABATUNDE OKULEYE, et al.,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF EXHAUSTION GROUNDS

Plaintiff James David Thunder, who is representing himself, is proceeding on a deliberate indifference claim against Defendant Babatunde Okuleye based on allegations that Okuleye ignored Thunder's complaints about adverse reactions he was having to medication and a conditions of confinement claim against Defendant MJ Laux based on allegations that Laux needlessly confined Thunder in a restraint chair for fifteen hours. (ECF Nos. 16, 52, 76.) On April 15, 2021, Thunder filed a motion for summary judgment. (ECF No. 80.) A few weeks later, on May 3, 2021, Laux filed a motion for summary judgment on the ground that Thunder failed to exhaust the available administrative remedies. (ECF No. 82.) About a month later, Okuleye filed a motion to join Laux's motion for summary judgment on exhaustion grounds. (ECF No. 91.) And, on July 26, 2021, Thunder filed a motion that he captioned "Motion to Substitute Names." (ECF No. 100.)

# FACTUAL BACKGROUND

Thunder was booked into the Brown County Jail on April 16, 2018. During booking, Thunder received a copy of the inmate handbook, which sets forth the procedures by which inmates may file grievances and appeals. Under the grievance procedure, an inmate must submit a written grievance within 48 hours of the occurrence. The grievance will be reviewed and responded to within 7 days. An inmate then has right to appeal the response within 48 hours of receiving the response. (ECF No. 84 at ¶¶1-5.)

According to Thunder, while at the jail, Okuleye changed Thunder's medication. Thunder asserts that he reacted poorly to the medication and began to contemplate suicide. Thunder asserts that Okuleye continued the prescription even though Thunder told him why he could not continue to take the medication. (ECF No. 16 at 2-3; ECF No. 52 (substituting Okuleye as the correct defendant).) Thunder also asserts that, on September 12, 2018, Laux improperly placed Thunder in a restraint chair for an extended period of time. (ECF No. 84 at ¶6.)

Captain Heidi Michel, the jail administrator, asserts that Thunder did not file any grievance or appeal regarding Laux's alleged improper conduct or even generally regarding any incident involving a restraint chair. (ECF No. 85 at ¶8.) According to Thunder, he was unable to submit a grievance because he was on suicide watch and then was transferred to Dodge Correctional Institution. (ECF No. 90 at 1.) Michel clarifies that Thunder was not on suicide watch in September 2018, and he was not transferred to Dodge until October 15, 2018, more than a month after the incident at issue. (ECF No. 95 at ¶3.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

*1. Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) applies to this case because Thunder was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

It has long been held that the exhaustion of administrative remedies must be done

3

"properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citations omitted). That said, a prisoner is not required to exhaust administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly-filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649–50 (7th Cir. 2002).

Thunder concedes that he did not file an inmate complaint regarding his alleged improper confinement in a restraint chair; however, he asserts that the administrative remedies were unavailable to him because he was on suicide watch and then transferred to another institution where he was unable to access the jail's administrative procedures. The jail administrator clarifies that Thunder was *not* on suicide watch in September and that he

was transferred to another institution more than a month after the alleged restraint chair incident.

Thunder's assertions that he was unable to file a grievance because he was on suicide watch and then transferred to a different institution are too vague to create a dispute of material fact regarding whether the administrative remedies were available to him. Thunder presents no details regarding when he was on suicide watch or when he was transferred, nor does he explain why he was unable to file a grievance while on suicide watch. As the Seventh Circuit has repeatedly said, "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (citations omitted).

The jail administrator provides the details that Thunder leaves out. She clarifies that he was not on suicide watch in September 2018 and that he was transferred more than a month after the alleged restraint chair incident. Accordingly, Thunder has failed to present evidence from which the court can reasonably conclude that the administrative remedies were unavailable to him during the 48 hours after the alleged restraint chair incident when he was required to file a grievance. Because Thunder concedes he did not file a grievance and because he has not created a question of fact regarding whether the administrative remedies were available to him, Laux is entitled to summary judgment.

However, Okuleye has not carried his burden of showing that Thunder failed to exhaust the available administrative remedies. In his motion to join Laux's motion, Okuleye states, "No additional response briefing is required since Okuleye would rely on identical arguments already briefed." (ECF No. 91.) But relying on Laux's briefing is insufficient

5

because Laux's evidence shows only that Thunder filed no grievances about being improperly placed in a restraint chair. He presents no evidence regarding whether Thunder filed a grievance or appeal about Okuleye failing to respond to his complaints of adverse reactions to prescribed medication. Without such evidence, Okuleye fails to carry his burden to show that Thunder failed to exhaust the available administrative remedies. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Exhaustion is an affirmative defense, and the burden of proof is on the defendants.") So, while the Court will allow Okuleye to join Laux's motion, Okuleye is not entitled to summary judgment.

      2.      *Thunder's Motion for Summary Judgment and Motion to Substitute*

I will deny Thunder's motion for summary judgment and his motion to substitute names. (ECF Nos. 80, 100.) As to the summary judgment motion, this two-page filing generally focuses on discovery issues. It does not include any proposed facts, evidentiary support, or legal argument. Because Thunder failed to comply with the requirements in Fed. R. Civ. P. 56 and Civil L. R. 56, the Court will deny the motion. *See* Civil L. R. 56 (setting forth the summary judgment procedures and stating that "failure to submit a [statement of proposed material facts] constitutes grounds for denial of the motion").

I will also deny his "Motion to Substitute Names." It is not clear what relief Thunder seeks in this motion. Again, he seems to focus on discovery issues. Thunder appears to take issue with the jail administrator's declaration, but it is unclear why. To the extent Thunder seeks to add her as a defendant, the court will deny that request. As required by 28 U.S.C. §1915, the court identified the claims that Thunder states in his complaint. (*See* ECF No. 16.) Thunder does not state a claim against the jail administrator, so the court will deny his motion to add her as a defendant.

*3. Further Scheduling*

Up until recently, Thunder was incarcerated at the Brown County Jail. However, according to the online inmate locator, Thunder has been released. Thunder has not provided the court with updated contact information. While I acknowledge that it takes some time for one to organize his affairs after being released, it is also not uncommon for some to lose interest in litigating their cases after being released. It is not clear which is true for Thunder. Accordingly, I will give Thunder thirty days to update his contact information. If he does so, I will set discovery and dispositive motion deadlines. If he does not do so, I will dismiss this case based on Thunder's failure to diligently prosecute it. *See* Civil L. R. 41(c). This case cannot continue if Okuleye and the Court do not know how to contact Thunder.

**IT IS THEREFORE ORDERED** that Laux's motion for summary judgment on exhaustion grounds (ECF No. 82) is **GRANTED.** Thunder's claim against Laux is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Thunder's motion for summary judgment (ECF No. 80) and his motion to substitute names (ECF No. 100) are **DENIED**.

**IT IS FURTHER ORDERED** Okuleye's motion to join Laux's motion for summary judgment (ECF No. 91) and his motion to join Laux's brief in opposition to Thunder's summary judgment motion (ECF No. 97) are **GRANTED**. However, his motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that Thunder must provide the court with his current contact information within thirty days. If he fails to do so, the court will conclude that he no longer wishes to prosecute this case and will dismiss the case.

Dated in Milwaukee, Wisconsin this 1st day of October, 2021.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge